TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00239-CV




Jonathan Barnes, Appellant

v.

Texas Department of Protective and Regulatory Services, Appellee





FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
NO. 02-FL-376, HONORABLE DON B. MORGAN, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        This is an appeal from an order terminating appellant Jonathan Barnes’s parental
rights to his two daughters, C.B. and S.B. At the time of trial in January 2004, C.B. was eleven and
S.B. was ten. Their mother was killed in a car accident in 1997. The Texas Department of
Protective and Regulatory Services removed the children from Barnes’s custody in July 2002 after
C.B. made an outcry that Barnes had sexually assaulted her. At the time of trial, the children were
living with their maternal grandparents, who hoped to adopt them if Barnes’s rights were terminated.
                        Jamie Corley, Barnes’s ex-girlfriend, testified that in July of 2002, when C.B. was
not yet nine, C.B. told her that shortly after her mother died, Barnes had sex with her several times,
giving considerable detail of what had happened and how Barnes had behaved afterwards. Corley
confronted Barnes with the allegations, and Barnes got angry and physically assaulted her, throwing
her and her young son out of the house. Corley called the police, who began an investigation. C.B.’s
medical examinations did not reveal any injury or trauma, but a doctor testified that many sexually
abused children have normal exam results. Several police, medical, and mental health witnesses
testified that C.B. repeated her allegations to them. There was testimony that the children’s behavior
and school performance have improved since they were removed from Barnes’s care, and several
witnesses testified about inappropriate or dangerous behavior by Barnes, including: taking C.B. to
watch him urinate when she was about three years’ old, saying, “You need to see what one of these
look like”; spanking the children at least once with a belt, leaving large, dark bruises on S.B.’s
backside; speeding and driving recklessly with the children in the car; making inappropriate remarks
in front of or to the children; refusing to bring the children to a doctor when they complained of
burning and itching in their genitals; leaving the children alone at night; and frequently smoking
marijuana in the garage while the children were in the house. Barnes refused to answer any
questions, asserting his Fifth Amendment rights against self-incrimination. See U.S. Const. amend.
V. Following a jury trial, the district court signed an order terminating Barnes’s parental rights.
                        Barnes’s appointed counsel has filed a brief stating that, after a thorough review of
the record, he believes this appeal is frivolous.


 The brief presents a thorough and professional
evaluation of the record discussing and demonstrating why there are no arguable grounds for
reversal. A copy of the brief was delivered to Barnes, who was notified of his right to seek other
counsel or file a pro se brief. He has done neither. The Department has filed its own brief agreeing
that the appeal is frivolous and explaining why it believes there are no arguable grounds for reversal.
                        We have conducted our own review of the record and we agree with counsel’s
assessment that the appeal is frivolous. We therefore affirm the trial court’s order and grant
counsel’s motion to withdraw.
                                                                        __________________________________________
                                                                        David Puryear, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: March 31, 2005